IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) No. 2:14-cr-20018-JTF-tmp |
| ALBERT DAJUAN WHITE, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

_____

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND
RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS**
_____

Before the Court comes Defendant Albert Dajuan White's Motion to Suppress filed on June 26, 2014. (ECF No. 30). Plaintiff filed a Response to Defendant's Motion on July 2, 2014. (ECF No. 31). On July 8, 2014, this Court referred the Motion to Suppress to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 34). The Magistrate Judge held a hearing on the motion on July 31, 2014, (ECF No. 37), to which Defendant submitted a Supplemental Motion to Suppress, (ECF No. 38). On August 4, 2014, this Court referred this Supplemental Motion to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 40). Plaintiff filed a Response to the Supplemental Motion on August 4, 2014. (ECF No. 41). On September 22, 2014, the Magistrate Judge issued his Report and Recommendation that Defendant's Motion be denied. (ECF No. 46). Defendant filed objections to the Magistrate Judge's Report and Recommendation on October 6, 2014, (ECF No. 47), to which the Plaintiff Replied on October 10, 2014, (ECF No. 48). This Court heard further oral argument by the parties on October 29, 2014. (ECF No. 52).

1

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be adopted in part and rejected in part, and Defendant's Motion to Suppress DENIED.

## I. FACTUAL HISTORY

The parties filed no objections to the Magistrate Judge's proposed facts. Therefore, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history. (ECF No. 46 at 2-6).

## II. STANDARD OF REVIEW

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard." (internal citations omitted)).

## III. ANALYSIS

### A. The Magistrate Judge's Report and Recommendation

In his Report and Recommendation, the Magistrate Judge examined whether the Defendant's Motion to Suppress should be granted. (ECF No. 46). The Magistrate Judge's proposed conclusions of law recommended that Defendant's Motion to Suppress be denied. In his Report and Recommendation, the Magistrate Judge concluded that (1) the Defendant failed to meet his burden under *Franks v. Delaware*, 438 U.S. 154 (1978), to allow the court to hold an evidentiary hearing on the veracity of the supporting affidavit; (2) the affidavit was sufficient to establish probable cause; and (3) the good-faith exception of *United States v. Leon*, 468 U.S. 897 (1984), would apply even without probable cause.

Specifically, the Magistrate Judge's proposed conclusions of law are as follows:

1. <u>Defendant Failed to Meet his Burden for a *Franks* Hearing</u>[1]

The Magistrate Judge concluded that the Defendant "has not made a substantial preliminary showing that a false statement was even made, much less one that was made knowingly or intentionally, or with reckless disregard for the truth." (ECF No. 46 at 7). For a movant "[t]o obtain a *Franks* hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with reckless disregard for the truth. *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). The false statement must have been "necessary for the magistrate's determination of probable cause." *Id.* Here, the Defendant offers three statements as false: (1) that the statement "Investigator Brandon Williams initiated a controlled purchase of marijuana with the use of a confidential source from the residence" falsely concludes that the confidential source was "from the

---

[1] A *Franks* hearing is where the defendant is allowed to put on evidence regarding the veracity of the statements within the search warrant. *See United States v. Keszthelyi*, 308 F.3d 557, 566-67 (6th Cir. 2002).

3

residence"; (2) that the statements regarding Investigator Williams's observations falsely create the conclusion that he was physically present to observe the marijuana's exchange; and (3) that the statement "[t]he transaction was captured on an audio and video device" falsely concludes that it captured the image of Defendant. (ECF Nos. 30-1 at 6, 31-1 at 1, 38 at 1-2, 46 at 7-9). First, the Magistrate Judge found that the "from the residence" modifier properly "describes where the controlled purchase of marijuana was to take place, not where the [confidential source] lived." (ECF No. 46 at 8). Second, based on the totality of observations by Investigator Williams, his statement regarding observing the purchase was not a false statement nor did it imply a physical presence of close proximity. *Id.* Third, although the Defendant's face was not on the video, the video did capture the transaction and exchange of marijuana for money. Further, Investigator Williams identified Defendant as the driver of the vehicle leaving the scene; thus, the statement was not false. *Id.* at 9.

2. There was a Sufficient Nexus to the Residence to Establish Probable Cause

The Magistrate Judge found a sufficient nexus to the residence to establish probable cause. (ECF No. 46 at 9-12). The determination of probable cause is "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The affidavit "must indicate a nexus between the place to be searched and the evidence sought and this nexus may be established by the nature of the items and normal inferences of where a person would keep such items." *United States v. Hawkins*, 278 F. App'x 629, 634 (6th Cir. 2008) (citing *United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005)). "[A]n issuing judge may infer that drug traffickers use their homes to store drugs and otherwise further their drug trafficking." *United States v. Williams*, 544 F.3d 683, 687 (6th Cir.

4

2008). Further, the observed transaction took place on the property. *See e.g.*, *United States v. Archibald*, 685 F.3d 553, 558 (6th Cir. 2012); *United States v. Ellison*, 632 F.3d 347, 349 (6th Cir. 2011); *United States v. Jackson*, 470 F.3d 299, 307-08 (6th Cir. 2006). As such, the Magistrate Judge found a sufficient nexus to the residence.

    3. <u>The Reliability of the Confidential Source is Independently Corroborated</u>

The Magistrate Judge determined that, although the affidavit provided no support for the credibility of the confidential source, the totality of the circumstances included sufficient corroborating information. *United States v. Smith*, 337 F. App'x 500, 504 (6th Cir. 2009); *see also United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005) ("[I]n the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration."). "This corroboration can be established by a police-monitored controlled purchase." *Smith*, 337 F. App'x at 504 (citing *United States v. Coffee*, 434 F.3d 887, 894 (6th Cir. 2006)). Thus, "[a]lthough Investigator Williams's affidavit did not attest to the reliability of the [confidential source], he independently corroborated the information through the undercover drug purchase." (ECF No. 46 at 13).

    4. <u>The Good-Faith Exception of *Leon* Applies</u>

The Magistrate Judge further determined that if probable cause was not established, the exclusionary rule of the Fourth Amendment would still not apply after application of the Good-Faith Exception of *Leon*. An officer's reliance in good-faith on a warrant will apply and bar application of the exclusionary rule, except when: (1) the magistrate judge was misled by false information; (2) the magistrate judge abandoned his role of neutrality; (3) the warrant was so lacking that reliance would be unreasonable; and (4) the warrant was facially deficient. *United States v. Hodson*, 543 F.3d 286, 292 (6th Cir. 2008) (citing *United States v. McClain*, 444 F.3d

556, 564-65 (6th Cir. 2005)). Based on the foregoing analysis and facts, the Magistrate Judge determined that none of the four circumstances were present in this case. (ECF No. 46 at 16-17).[2]

**B. Defendant's Objections to the Magistrate Judge's Report and Recommendation**

Defendant objects to the Magistrate Judge's Report and Recommendation that recommends the denying of Defendant's Motion to Suppress arguing that this Court should reach a different conclusion using *de novo* review. (ECF No. 47 at 1). The Defendant did not make any objection to the Magistrate Judge's legal analysis or provide any case law to the contrary. Further, the Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) ([O]bjections were to address specific concerns[,which is] . . . 'supported by sound considerations of judicial economy. . . . [This] thereby prevent[s] the district court from being 'sandbagged' [on appellate review] by a failure to object.").

Primarily, Defendant reasserts the contentions within his original Motion to Suppress and the Supplemental Motion. First, Defendant continues to argue that the modifier "from the residence" is falsely stating that the confidential source was from the residence. (ECF No. 47 at 2). This Court agrees with the Magistrate Judge that, in context, it properly modifies the location of the controlled purchase. Even assuming that the modifier was ambiguous, the observed illegal purchase is sufficient for probable cause. *See Archibald*, 685 F.3d at 558. The fact of where the

---

[2] Moreover, the Magistrate Judge found Defendant's additional argument, regarding the staleness of the warrant, without merit. The affidavit provided the time frame in which the purchase occurred, (ECF No. 31-1 at 2) ("in the last seventy-two hours"), and the warrant was executed within the time frame established by Tennessee law, (ECF No. ECF No. 31-1 at 3; 31 at 14) (citing Tenn. Code Ann. § 40-6-107(a) (establishing five days as the time frame)). (ECF No. 46 at 17 n.9). Next, the Defendant withdrew his last argument, regarding the Judge's lack of authority to issue a warrant, at hearing.

6

confidential source resided is inconsequential to the current analysis and not "necessary" for the conclusion of probable cause. *See Mastromatteo*, 538 F.3d at 545. Second, Defendant contends that Investigator Williams intentionally used ambiguous language to mislead the issuing judge. (ECF No. 47 at 2). Specifically, the Defendant contends that the use of the word "observed" improperly conveys that Investigator physically saw the exchange of the marijuana. Defendant's use of "observe" is unnecessarily limited to physical proximity unlike a reasonable understanding of the word. As such, this Court is inclined to agree with the Magistrate Judge that "[b]ased upon his personal observations [(including the audiovisual recordings)], Investigator Williams's statement that he observed [Defendant] give the [confidential source] marijuana was a true statement." (ECF No. 46 at 8). Third, Defendant again questions the reliability of the confidential source. The Magistrate Judge properly analyzed this issue and found the police-monitored control purchase sufficient to corroborate. *See Smith*, 337 F. App'x at 504.

Upon *de novo* review, the Court does not find issue with the Magistrate Judge's proposed conclusions of law regarding Defendant's burden under *Franks*, the independent corroboration of the confidential source, or the application of the good-faith exception under *Leon*. This Court, however, finds the affidavit insufficient to establish a nexus that the property was connected to the criminal activity at issue. Specifically, the affidavit at no point provides information that the property is the Defendant's residence, that the Defendant was ever seen entering or exiting the residence, or that the Defendant has any connection or interest in it what so ever.[3] *See* (ECF No. 31-1). Generally, the Court is required to review an affidavit within the four corners of the document. *See Frazier*, 423 F.3d at 531. The affidavit "must indicate a nexus between the place

---

[3] For instance, the Defendant could have picked a random driveway to do drug deals and the Tipton County Sheriff's Office would in consequence search the home of an innocent bystander. The affidavit fails to verify that the Defendant either resides or has any interest in 196 Turner Lane, Covington TN.

7

to be searched and the evidence sought and this nexus may be established by the nature of the items and normal inferences of *where a person would keep such items*." *Hawkins*, 278 F. App'x at 634 (citing *Laughton*, 409 F.3d at 747) (emphasis added). The inference that an issuing judge may draw "that drug traffickers use *their* homes to store drugs and otherwise further their drug trafficking" is not proper when the affidavit does not establish that it is in fact *their* home. *See Williams*, 544 F.3d at 687 (emphasis added). The affidavit states that "Investigator Brandon Williams received information that marijuana was being sold from 196 Turner Lane." During oral argument, the Government contended that such statement is corroborated by the single drug purchase creating the inference that this was the Defendant's residence. However, without some connection between the Defendant and the residence, the Government's contention is merely parallel and does not create the nexus with the property but only that the Defendant committed the one illegal act in a possibly innocent homeowner's driveway. As such, this Court finds the nexus found by the Magistrate Judge too attenuated to find probable cause in the residence.

To the extent that the affidavit is insufficient to establish probable cause, this Court finds the good-faith exception of *Leon* applicable. Without an objection to the good-faith analysis, it is difficult for the Court to construe how the Magistrate Judge's Report and Recommendation misrepresented the facts of this case or what cause or issue the Defendant could find objection. The failure to identify specific concerns with a Magistrate Judge's Report allows the party's objection to be deemed a general objection, or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard*, 932 F.2d at 509). Defendant's Objection lacks specificity as to how the Magistrate Judge misconstrued or misrepresented facts or law of this case. This Court finds the Magistrate Judge's analysis and recommendation regarding the good-faith exception proper.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation to deny Defendant's Motion to Suppress. Upon *de novo* review, the Court reaches the same conclusion as the Magistrate Judge through a different analysis. Therefore, Defendant's Motion to Suppress is DENIED.

**IT IS SO ORDERED** on this ___ day of November, 2014.

***s/John T. Fowlkes, Jr.***
John T. Fowlkes, Jr.
United States District Judge
